**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0001390**
**31-OCT-2018**
**09:16 AM**

NO. CAAP-13-0001390

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PNC MORTGAGE, a Division of PNC Bank, N.A.,
Successor by Merger with National City Bank,
Plaintiff-Appellee,
v.
REIKO KONDO, NEWTOWN ESTATES COMMUNITY
ASSOCIATION, and HECTOR BALLESTEROS ENRIQUEZ,
Defendants-Appellees,
and
DOES 1-20, JANES DOES 1-20, DOE PARTNERSHIPS 1-20,
DOE CORPORATIONS 1-20, DOE GOVERNMENTAL ENTITIES 1-20,
Defendants,
and
PATRICIA NAOMI PARK,
Defendant/Intervenor-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2221)


MEMORANDUM OPINION
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

This case involves an alleged foreclosure rescue scheme affecting certain real property located on Hoala Street in Aiea, Hawai'i (the "Property"). The Property is registered land court property bearing Transfer Certificate of Title ("TCT") 850,908.

Defendant-Intervenor-Appellant Patricia Naomi Park ("Park") appeals from the May 13, 2013 Final Judgment in Favor of Plaintiff PNC Mortgage, a Division of PNC Bank, N.A., Successor by Merger with National City Bank and Against Defendant-Intervenor Patricia Naomi Park on All Claims Pled Against Plaintiff in the Complaint in Intervention, filed February 4, 2009 ("Final Judgment") by the Circuit Court of the First Circuit

("Circuit Court").[1]

On appeal, Park raises points of error that can be summarized as contending that the Circuit Court abused its discretion in (A) granting the motion for certification of the Final Judgment under Hawai'i Rules of Civil Procedure ("HRCP") Rule 54(b) filed by Plaintiff-Appellee PNC Mortgage, a Division of PNC Bank, N.A., Successor by Merger with National City Bank ("PNC"), when there were genuine issues of disputed material fact; (B) granting PNC's renewed motion for summary judgment when there were genuine issues of disputed material fact; and (C) issuing Final Judgment in favor of PNC when there were genuine issues of disputed material fact. For the reasons explained below, we affirm.

I. Background

In 2003, Park's husband, Dwight Park ("Dwight") conveyed his interest in the Property to Park. Subsequently, as the tenant in severalty, Park refinanced the existing mortgage on the Property and borrowed $405,000 from BNC Mortgage, Inc., secured by a new mortgage on the Property. In 2006, Park refinanced the mortgage from BNC Mortgage, Inc. with a new mortgage loan from Zone Funding in the amount of $473,900 (the "Zone Funding Mortgage"). According to Park, this loan was solicited with help from an alleged mortgage broker, Bobby Wood, who was Dwight's friend. The Zone Funding Mortgage had an adjustable interest rate which started at 11.75%. Park soon realized that she could not afford the interest rate on the Zone Funding Mortgage and later that same year sought to refinance the Property again.

Park then agreed to transfer the Property to Hector Ballesteros Enriquez with the assistance of Wood and upon Dwight's instruction. Park understood that she would be able to reclaim title to the Property after Dwight received a large sum of money from certain "business ventures" that he allegedly had

---

[1] The Honorable Bert I. Ayabe presided.

pending in China. Park executed a notarized Warranty Deed transferring the Property to Enriquez on December 27, 2006, which resulted in the issuance of TCT 839,818 reflecting Enriquez as sole owner of the Property. Nothing on the TCT reflected any agreement about reclaiming the Property between Park and Enriquez, and Park never saw a written document reflecting any such agreement.

As part of the transfer of the Property from Park, Enriquez encumbered the Property with two new mortgages from Freemont Investment & Loan: a first mortgage in the amount of $497,600 and a second mortgage in the amount of $124,400 (the "Freemont Mortgages"). The proceeds from the Freemont Mortgages paid off the Zone Funding Mortgage in full and a surplus of $102,691.49 was issued from escrow in the form of a check made payable to Dwight. In March 2007, Enriquez conveyed the Property to Rieko Kondo, Wood's ex-girlfriend, and a deed was recorded in Land Court transferring legal title to Kondo and resulting in the issuance of TCT 850,908. Kondo obtained a mortgage loan on the Property from National City Mortgage[2] in the amount of $740,000, documented by two promissory notes and secured by first and second mortgages on the Property (the "PNC Mortgages"). The proceeds from the PNC Mortgages paid off the Freemont Mortgages in full. Although Park and Kondo claimed that Wood served as the mortgage broker for this transaction, an entity called Accel Mortgage LLC was the broker of record.[3]

---

[2]     National City Mortgage, a Division of National City Bank initiated the underlying circuit court action as the plaintiff. On November 6, 2009, National City Bank merged with and into PNC Bank, a National Association. On December 23, 2009, the Land Court granted a petition authorizing and directing the Assistant Registrar of the Land Court to "acccept for registration and/or filing documents . . . executed in the name of PNC Bank, a National Association, . . . previously filed in the name of National City Bank, a National Banking Association, . . . ." On January 6, 2011, the Circuit Court of the First Circuit granted PNC's motion to note name change and ordered that PNC Mortgage, a Division of PNC Bank, N.A., Successor by Merger with National City Bank be substituted for National City Mortgage, a Division of National City Bank, as plaintiff in the underlying case.

[3]     Wood and some employees of Accel Mortgage were indicted in 2009 by the United States Government for conspiracy to commit mail fraud, wire fraud, and making false statements on loan applications, related to various real property sales including the Property. As the indictment and plea agreement are included in the record of the underlying case, we take judicial notice of documents from related criminal proceedings as matters of public record.

On October 28, 2008, PNC initiated foreclosure proceedings in the underlying action against Kondo on the first PNC Mortgage. On February 4, 2009, Park intervened and filed her Complaint in Intervention against PNC, Kondo, Enriquez, and an entity known as Newtown Estates Community Association. Park contended that the transactions transferring the Property to Enriquez and thereafter to Kondo were fraudulent and were procured through the fraud of Wood and/or Enriquez. Park sought a declaration that she was "entitled to re-vesting of legal title and possession of the Subject Property" and requested "a permanent injuction against [PNC] . . . from continuing any foreclosure action in connection with [the] Subject Property."

PNC filed a Motion for Summary Judgment on all claims pled against it in Park's Complaint in Intervention. The Circuit Court denied the motion without prejudice in part because a declaration of Kondo, submitted by Park, raised concerns of a possible relationship between Wood and National City Mortgage. The court stated that "it is unclear whether Ms. Kondo's declaration is supported by credible facts or evidence at this time." After conducting discovery, more than one year later, PNC filed a renewed motion for summary judgment on all claims asserted against it in the Complaint in Intervention.

On February 14, 2013, the Circuit Court issued its Order Granting Plaintiff PNC Mortgage, a Division of PNC Bank, N.A., Successor by Merger with National City Bank's Renewed Motion for Summary Judgment, filed October 1, 2012. Thereafter, on May 13, 2013, the Circuit Court issued its Order Granting Plaintiff PNC Mortgage, a Division of PNC Bank, N.A., Successor by Merger with National City Bank's Motion for Rule 54(b) Certification, filed April 2, 2013 and entered the Final Judgment.

II. Standards of Review

*HRCP Rule 54(b) Certification*

> A lower court's decision to enter an HRCP Rule 54(b) certification is reviewed on appeal under a dual standard. The extent of a lower court's power to enter an HRCP Rule 54(b) certification of finality is a question of law, reviewed *de novo*. However, a lower court's decision to utilize its

4

power under HRCP Rule 54(b) is reviewed under the abuse of discretion standard.

*Elliot Megdal & Assocs. v. Daio USA Corp.*, 87 Hawai'i 129, 132, 952 P.2d 886, 889 (App. 1998) (citations omitted).

*Summary Judgment*

The appellate court reviews "the circuit court's grant or denial of summary judgment *de novo.*" *Querubin v. Thronas*, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)). "[W]e must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion." *Id.*

III. Discussion

A.   The Circuit Court did not err in granting summary judgment to PNC on all claims raised against it in Park's Complaint in Intervention.

The essence of Park's complaint in intervention sought to quiet title to the Property, claiming that PNC was party to a fraud against Park, which, she contends, entitled her to revestment of the Property. To prevail on summary judgment against Park's complaint, PNC had to show that there were no genuine issues of material fact as to whether PNC was a bona fide, good-faith lender on the Property and whether its liens on the Property were valid as a matter of law.

Park contends that summary judgment was improperly granted in the face of genuine issues of disputed material fact. Specifically, Park claims that the Circuit Court erred in failing to (1) address the genuine issues of material fact regarding title to the Property, (2) consider the ruling of the U.S. District Court for the District of Hawai'i that the "KONDO loan transaction with Wood was derived by illegal transactions of wire [fraud], money laundering and conspiracy[,]" (3) determine whether PNC's mortgage lien was valid at the time the lawsuit was commenced, and (4) determine whether PNC was a holder of the note and mortgage when there was no indorsement from National City to PNC.

5

1.    Title to the Property.

Park contends that she has the right to seek re-vestment of legal title and possession of the Property by means of her Complaint in Intervention, and that the Circuit Court erred in failing to resolve that issue by its order granting summary judgment to PNC.  Although title to the Property remains with Kondo, the effect of the court's order is that it will, upon proper presentment of the issue, likely decline to revest title to Property in Park.  Thus, the fact that neither Park nor Kondo affirmatively pursued resolution of Park's Complaint in Intervention does not preclude the court from issuing summary judgment in favor of PNC or, as discussed below, in holding that there was "no just reason for delay" in certifying the judgment under HRCP Rule 54(b).

2.    The U.S. District Court's indictment and prosecution of Wood.

Park appears to contend that the Circuit Court erred in failing to consider the fact that Wood entered into a plea agreement in which he pled guilty to conspiracy, wire fraud, and money laundering offenses when it granted summary judgment to PNC on Park's Complaint in Intervention.  Nothing in the plea agreement, however, suggests that PNC, National City Bank, or any lender was a party to the alleged conspiracy or was anything other than a victim.  In fact, PNC was explicitly declared to be entitled to restitution from Wood and three other defendants "in the amount of $740,000 less any monies recovered by PNC Bank."

Nothing admitted to or otherwise determined in the U.S. District Court action raises any genuine issue of material fact as to whether any contract involving Park was illegal, immoral, or contrary to public policy; whether Park was a victim; whether PNC was party to any fraud against Park; or whether PNC was anything but a victim.  In sum, Park's evidence establishes no connection between the U.S. District Court proceeding and PNC's entitlement to summary judgment on the claims in Park's Complaint

in Intervention.[4]  Thus, Park failed to establish a genuine issue of material fact with regard to the effect of Wood's indictment or the plea agreement entered in the U.S. District Court action.

> 3.  Enforceability of the PNC Mortgages when the merger of PNC and National City Bank was not noted on the TCT.

Park contends that there is a genuine issue of material fact as to whether PNC's mortgage lien was valid when the lawsuit was commenced.  Specifically, Park argues that PNC could not enforce the PNC Mortgages because the merger of PNC and National City Bank was not noted on the TCT.

Those arguments, however, ignore that (i) there was a petition for acceptance of the name change filed and granted in Land Court, and (ii) HRS section 412:3-610(a) (Supp 2008) provides that "[a] Hawaii financial institution or federal financial institution resulting from a conversion, merger, or consolidation . . . shall be deemed to be continuing the same business of each . . . ."  Accordingly, there is no genuine issue of material fact concerning PNC's right to enforce its rights through the National City Bank encumbrance noted on the TCT.

> 4.  Enforceability of the PNC Mortgages when there was allegedly no proper indorsement of the note to PNC.

Park contends that there is a genuine issue of material fact as to whether she may obtain the Property free and clear of the PNC mortgage because there is no proper indorsement indicating assignment of the note from National City Bank to PNC. Park does not contest National City Bank's entitlement to initiate the foreclosure proceeding, but only PNC's entitlement to continue prosecuting it.

Park's argument again ignores the effect of HRS section 412:3-610(a).  In addition to providing that a merger will

---

[4]  Park notes that Hawai'i law prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce, Haw. Rev. Stat. § 480-2(a), and contends, without establishing, that the transaction in this case violated Hawaii Revised Statutes chapter 480, and that the Circuit Court should, therefore, have dismissed PNC's underlying complaint.  Park fails to explain, however, how any illegality associated with her contracts with Wood, Enriquez, or Kondo, bears on the enforceability of the note/mortgage between PNC and Kondo.  Therefore, that argument is waived.  Haw. R. App. P. 28(b)(7).

operate as a continuation of the business of each bank, the statute also provides that "[n]o assignment, deed, conveyance, or other instrument of transfer need be executed in order for the resulting institution to maintain the title, rights, and powers held by the converting or participating institutions." *Id.* Park fails to acknowledge or explain why this section does not apply, and we conclude that it does.

In sum, PNC established that PNC acquired its interest in the Property free and clear of any alleged claims or encumbrances that were not noted on the TCT, that Park's claim to the Property was not reflected on the TCT when the PNC loans were made, and that there was no evidence that PNC was party to any fraud that may have deprived Park of the Property. Park failed to establish a genuine issue of material fact as to any of the claims raised in her Complaint in Intervention, and the Circuit Court therefore did not err in granting summary judgment to PNC on all claims raised therein.

B.    The Circuit Court did not abuse its discretion in certifying judgment under HRCP Rule 54(b).

Park alleges that the Circuit Court erred in certifying final judgment under HRCP Rule 54(b) before adjudicating her claims relating to re-vestment of title, and before allowing her Land Court proceeding to finalize. The purpose of HRCP Rule 54(b) certification, however, is precisely to allow for finalization of judgments that do not address all claims or parties to a litigation.[5] 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2654, at 35 (3d ed. 1998) ("The rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.")

Park's Complaint in Intervention presents multiple claims against multiple parties, but the essence of which claims

---

[5]    The trial court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay. Haw. R. Civ. P. 54(b).

8

an entitlement "to re-vesting of legal title and possession of the Subject Property" and that PNC's mortgages were invalid liens on the property. Furthermore, she alleges claims against other parties for quiet title, identity theft, and statutory and common law fraud.

Having disposed of Park's entire complaint as it related to PNC by granting PNC's renewed motion for summary judgment in full, however, all of Park's claims in the case *as they related to PNC* had been resolved, there was no just reason for delay. Haw. R. Civ. P. 54(b). To the extent that summary judgment in favor of PNC effectively forecloses other interests in the Property, Park raises no genuine issue of material fact as to the enforceability of PNC's mortgage lien as discussed above, and therefore PNC is entitled to its remedy. Accordingly, as the Circuit Court did not err in concluding that PNC's mortgage lien was enforceable, it did not abuse its discretion in certifying its judgment in favor of PNC as final under HRCP Rule 54(b).

IV. Conclusion

Based on the foregoing, the Final Judgment in Favor of Plaintiff PNC Mortgage, a Division of PNC Bank, N.A., Successor by Merger with National City Bank and Against Defendant-Intervenor Patricia Naomi Park on All Claims Pled Against Plaintiff in the Complaint in Intervention, Filed February 4, 2009, filed on May 13, 2013, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 31, 2018.

On the briefs:

Junsuke Otsuka
(Otsuka & Associates)
for Defendant/Intervenor-
Appellant.

Jade Lynne Ching and
Melissa M. Uhl
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Lawrence M. Reifurth

Associate Judge